UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LAMICHAEL WARFIELD**, Petitioner, v. **CONNIE HORTON**, Respondent. | 2:21-CV-10463-TGB-RSW **OPINION DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner LaMichael Warfield was convicted after a jury trial in the Macomb Circuit Court of first-degree criminal sexual conduct, MCL § 750.520b, kidnapping, MCL § 750.349, and lesser offenses. In 2018, Warfield was sentenced as a fourth-time habitual felony offender to 25-50 years' imprisonment. He is currently in custody in the Michigan Department of Corrections.

Warfield filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his state convictions on the following grounds: (1) insufficient evidence was presented at trial, (2) the prosecutor committed misconduct at trial, (3) the trial court erred in allowing the prosecutor to use leading questions, (4) Warfield's right to a speedy trial was violated, and (5) the trial court incorrectly scored the sentencing guidelines. ECF No. 1.

Because Warfield procedurally defaulted his claims on direct review, the Petition will be **DENIED**.

## I. BACKGROUND

Warfield's convictions stem from a violent incident that occurred at the Macomb County Jail. The complainant, a fellow inmate, testified at trial that Warfield and another prisoner forced him into Warfield's cell where he was threatened, sexually assaulted, and abused. ECF No. 10-14, PageID.950–1161.

Warfield pursued a direct appeal from his conviction in the Michigan Court of Appeals. His appellate counsel filed an appellate brief that raised the five claims he now presents in his habeas petition:

> I. Trial court erred when it denied a motion for directed verdict where there was insufficient evidence to support the criminal sexual charges and absent that evidence the defendant could not be convicted of kidnapping and conspiracy to kidnap or in the alternative there was insufficient evidence to support the convictions.
>
> II. Defendant's convictions must be vacated because defendant's due process rights were violated when the prosecutor with knowledge that a razor was not used in the assault nonetheless elicited testimony from the complaining witness that he was assaulted with a razor.
>
> III. The trial court abused its discretion when over objection it allowed the prosecutor to ask the complaining witness leading questions regarding the disputed issue of penetration.
>
> IV. The convictions must be vacated where defendant was denied his right to a speedy trial pursuant to the state and federal constitutions.

2

> V. The trial court erred in scoring OV1 and OV2 on the basis that the defendant possessed a razor blade where the complaining witness gave false testimony at trial.

The Michigan Court of Appeals affirmed the conviction on February 4, 2020. *People v. Warfield*, No. 342775, 2020 WL 557561, at *1 (Mich. Ct. App. Feb. 4, 2020). Warfield attempted to file an application for leave to appeal with the Michigan Supreme Court on October 1, 2020. But the Michigan Supreme Court Clerk rejected his application the next day, explaining that:

> Unfortunately, we are not able to accept it for filing because it was received beyond the due date. Specifically, the deadline for filing an application in a criminal case is 56 days from the date of the Court of Appeals' decision. MCR 7.305(C)(2). Here, the Court of Appeals issued its opinion on February 4, 2020. During part of the 56-day period, the filing deadline was tolled because of the Covid-19 pandemic but the application still had to be filed on or before June 15.

ECF No. 1, PageID.47. Warfield did not appeal to the United States Supreme Court or seek collateral review before the trial court. Rather, he filed the instant petition for habeas relief.

## II. LEGAL STANDARD

A prisoner who is in custody pursuant to the judgment of a state court may file a habeas petition in federal court only on the ground that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). But a prisoner seeking federal habeas relief must first exhaust his state court remedies by fairly presenting each

3

federal constitutional claim in the state courts. *See* 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In Michigan, prisoners must raise their claims in both the Michigan Court of Appeals and the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

Where there is no longer a procedural mechanism to present unexhausted claims to the state courts, claims are procedurally defaulted and barred from federal habeas review. *See Martinez v. Ryan*, 566 U.S. 1, 9 (2012) ("[A] federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule."). Procedural default results where "(1) the petitioner failed to comply with a state procedural rule that is applicable to the petitioner's claim; (2) the state courts actually enforced the procedural rule in the petitioner's case; and (3) the procedural forfeiture is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." *McKinney v. Horton*, 826 F. App'x 468, 472 (6th Cir. 2020) (quoting *Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003)).

Nonetheless, a prisoner may still obtain federal review of a defaulted claim by showing "cause for the default and prejudice from a

violation of federal law," *Martinez v. Ryan*, 566 U.S. at 10, or showing that he is "actually innocent," *Murray v. Carrier*, 477 U.S. 478, 537 (1986).

### III. DISCUSSION

#### A. Warfield's Claims Are Procedurally Defaulted

Respondent asserts that review of Warfield's claims is procedurally barred because he can no longer satisfy the exhaustion requirement. ECF No. 9, PageID.135.

Warfield raised all his habeas claims on direct appeal in the Michigan Court of Appeals. The court affirmed in an unpublished opinion issued on February 4, 2020. When the order issued, Warfield had 56 days, or until March 31, 2020, to seek review in the Michigan Supreme Court. Mich. Ct. R. 7.305(C)(2). The Michigan Supreme Court tolled the filing deadline as of March 24, 2020 due to the COVID-19 pandemic, thereby allowing Warfield to seek timely review while the administrative order remained in effect. *See* Mich. Sup. Ct. Admin. Order No. 2020-4. But on June 8, 2020, the Michigan Supreme Court rescinded the administrative order, and the time began running again for Warfield to file his appeal. *See* Mich. Sup. Ct. Admin. Order No. 2020-16. While Warfield only had seven days remaining to file his application for leave to appeal, he waited close to four additional months to do so, on October 1, 2020. The Supreme Court Clerk decided to reject the application and return it to Warfield because it was filed too late in violation of Rule 7.305(C)(2) even

5

considering the tolled deadline because of the COVID-19 pandemic. *See* ECF No. 1, PageID.47.

Thus, because Michigan declined to address Warfield's claims because he failed to meet a state procedural requirement that the state actually enforced, this federal Court is barred from reviewing the procedurally defaulted claims. *See McKinney v. Horton*, 826 F. App'x 468, 472 (6th Cir. 2020) (describing requirements for procedural default); *see also Bell v. Smith*, 114 F. Supp. 2d 633, 637 (E.D. Mich. Sept. 27, 2000) (Gadola, J.) (finding habeas claims procedurally defaulted where petitioner did not timely seek review on direct appeal to the Michigan Supreme Court, which rejected his application for leave to appeal filed beyond the 56-day time period for seeking such review); *Rupert v. Berghuis*, 619 F. Supp. 2d 363, 367 (W.D. Mich. Nov. 14, 2008) (finding that habeas petitioner failed to exhaust his state remedies as a result of his failure to file timely appeal to Michigan Supreme Court).

**B. Cause & Prejudice**

To overcome the procedural default, a petitioner must show cause for noncompliance with the state procedural requirements and actual prejudice resulting from the alleged constitutional violation. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The petitioner must point to "some external impediment" that frustrated his ability to comply with the state's procedural rule. *Murray*, 477 U.S. at 498. "Habeas petitioners cannot rely on conclusory assertions of cause and prejudice to overcome

6

procedural default; they must present affirmative evidence or argument as to the precise cause and prejudice produced." *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006).

While Warfield did not file a Reply attempting to show cause and prejudice, he briefly explained in his Petition his failure to timely seek review in the Michigan Supreme Court, stating, "missed deadline due to COVID." ECF No. 1, PageID.2. Although the COVID-19 pandemic was an extraordinary circumstance, it "does not automatically warrant equitable tolling for a petitioner who seeks it on that basis." *United States v. West*, 578 F. Sup. 3d 962, 967 (N.D. Ohio Jan. 5, 2022) (quoting *United States v. Henry*, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020)).

To warrant equitable tolling, "[t]he petitioner must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion" or petition. *Id.* (quoting *Henry*, 2020 WL 7332657, at *4) (emphasis in original). A petitioner's "vague and generalized contentions do not begin to demonstrate that the impact of the COVID-19 pandemic interfered with his ability to file a timely [petition]." *Jordan v. Carl*, 2022 WL 2998379, at *4 (E.D. Mich. July 28, 2022) (Borman, J.) (citing to *West*, 578 F. Sup. 3d at 967).

Here, Warfield's terse statement that he missed the deadline "due to COVID" is insufficient to establish cause. It provides no specific reasons other than citing to the COVID-19 pandemic, which had already permitted an extension of the deadline. The Michigan Supreme Court

7

administrative order accounted for the filing difficulties generally caused by the pandemic by tolling deadlines from March 24 to June 8, 2020. Despite this, Warfield waited until October 1, 2020, to attempt to file his appeal. If there was a COVID-related reason particular to Warfield that prevented him from seeking timely review despite the expanded time limit granted by the administrative order, he did not offer it. *See, e.g.*, *Holt v. Mays*, 2023 WL 2416395, at *4 (W.D. Tenn. Feb. 13, 2023) (finding petitioner's "bald assertion" that he failed to exhaust the issues in state court because of the "Covid-19 Pandemic" failed to show cause and prejudice to excuse procedural default in the absence of specific factual support); *but see Crawford v. Morrison*, 2020 WL 6144433, at *4 (W.D. Mich. Oct. 20, 2020) (granting equitable tolling where the MDOC lost petitioner's legal property while transferring him to a different correctional facility because he was diagnosed with COVID-19, forcing him to "start over" three weeks before the deadline expired).

Warfield therefore failed to demonstrate cause to excuse his default, and the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527, 533 (1986) ("We need not determine whether petitioner has carried his burden of showing actual prejudice from the allegedly improper admission of Dr. Pile's testimony, for we think it self-evident that he has failed to demonstrate cause for his noncompliance with Virginia's procedures.").

### C. Actual Innocence

Because Warfield failed to establish "cause and prejudice" to excuse his failure to comply with the state procedural requirements, he may obtain review of his constitutional claims "only if he falls within the narrow class of cases . . . implicating a fundamental miscarriage of justice," *see Schlup v. Delo*, 513 U.S. 298, 314–15 (1995), such as when "a constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 537. To be credible, a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup*, 513 U.S. at 324. Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Here, Warfield failed to meet the actual innocence standard because he presented no new evidence of his actual innocence.

Therefore, all of Warfield's claims are procedurally defaulted, and Warfield established neither exception for bypassing the default. The petition will therefore be denied.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Warfield's Petition for a Writ of Habeas Corpus.

The Court **FURTHER FINDS** that reasonable jurists would not debate this Court's conclusion that Warfield's claims are procedurally defaulted, so the Court **DENIES** a certificate of appealability. *See Slack*

9

*v. McDaniel*, 529 U.S. 473, 483–84 (2000); 28 U.S.C. § 2253(c)(2). If Warfield nonetheless chooses to appeal, he may proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

**SO ORDERED.**

Dated: March 11, 2025          /s/Terrence G. Berg
                                                    TERRENCE G. BERG
                                                    UNITED STATES DISTRICT JUDGE